IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSSELL H. ZITTLOSEN,

        Plaintiff,

vs.                                                         No. CV 98-1163 SC/LG

CITY OF RIO RANCHO, OFFICERS DAVID
GENTRY, DALE CHAPMAN, GREG CONNORS,
and MARK NAWMAN, in their individual
capacities as employees of the City of Rio Rancho;
BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF SANDOVAL, and JOHN DOES 1-10,
in their individual capacities as employees of the
Sandoval County Detention Center.

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION**

        THIS MATTER is before the Court on Plaintiff's Motion For Reconsideration, filed July 27, 1999 (Doc. No. 37). Plaintiff contends that the Court made manifest errors of fact and law in granting summary judgment on his federal civil rights claim alleging two instances of illegal warrantless arrests. Plaintiff identifies three areas of alleged error.

        First, he contends that the Court improperly relied on disputed factual allegations in concluding that the officers had probable cause to arrest Plaintiff. He also argues that the disputed allegations would have been material only if the arrests had been made pursuant to the Family Violence Protection Act. The Court was careful to rely only on the fact that the allegations were made by Plaintiff's wife to the divorce court and/or to the arresting officers, not on the truth of the allegations. The statements were material in determining the objective reasonableness of the officers' actions in making the arrests, whether or not the orders in question had been issued pursuant to the Act.

Next, Plaintiff contends that the Court equated the Temporary Domestic Order with an order under the Family Violence Protection Act. To the contrary, the Court examined a series of orders, beginning with the Temporary Domestic Order, in its determination whether the officers acted reasonably. The Court concluded they had probable cause to arrest Plaintiff without a warrant based on the orders, which contained sufficient indicia of Family Violence Protection Act orders, and on the other facts available to them at the scenes of the arrests.

Finally, Plaintiff argues that the Court improperly viewed the facts surrounding the second arrest in a light most favorable to the movants. The Court disagrees that it used the wrong summary judgment standard in the context of this case.

The Court concludes that Plaintiff has not identified a manifest error of fact or law and that its partial summary judgment was issued properly.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion For Reconsideration is hereby DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: Jane Gagne, VANZI & GAGNE, Albuquerque, N.M.

Counsel for Defendants: Randy S. Bartell, VIRTUE, NAJJAR & BARTELL, Albuquerque, N.M.